**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SHIRLEY FAYANN HENSLIN,
D/B/A CAR TRANSPORTATION
CO.,

      Plaintiff-Appellant,

v.

KENNEDY TRANSPORTATION
SERVICES d/b/a/ KENNEDY &
ASSOCIATES INSURANCE
SERVICES, and TWICKENHAM
INSURANCE CO.,

      Defendants-Appellees.

No. 96-6102, 96-6285
(D.C. No. Civ-95-0939-M)
(W.D. Okla.)

---

**ORDER ON REHEARING**
**December 2, 1997**

---

Before **ANDERSON**, **BALDOCK** and **EBEL**, Circuit Judges.

---

      Plaintiff-Appellant Henslin comes before us on petition for rehearing of

this court's order and judgment. The sole issue raised by Appellant in this petition

for rehearing is that of attorneys fees. The petition for rehearing is granted.

      Appellant argues that the grounds relied on by the district court in its order

granting attorney's fees were waived on appeal by counsel for Appellee during

oral argument before this court.  We have reviewed the tape recorded account of

the parties' oral arguments and we agree with the Appellant. A transcript of the relevant portion of the argument is attached to this order on rehearing.

Based upon our review of the parties' recorded arguments, we find that Appellees waived all available grounds for the collection of attorney's fees from Appellant, except for the ground of bad faith. At oral argument counsel for Appellee argued that an award of attorneys fees could be predicated in this case upon a claim that the proceedings below were brought in bad faith, and that Appellant is therefore entitled to attorney's fees under the bad faith exception to the American rule, as set forth by the Supreme Court in Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975).

We reject this argument because the district court made no finding of bad faith on the part of Appellant, and we are not prepared to make such a finding in the first instance.

Because we reject Appellant's claim for attorney's fees based upon the bad faith exception, and because the bases upon which a claim for attorney's fees might have been predicated, including the bases relied upon in this court's prior Order and Judgment, were waived, we conclude that the award of attorney's fees entered by the district court should be reversed.

For the above reasons, Part III of this court's Order and Judgment is WITHDRAWN. The Order and Judgment is AMENDED to reflect the court's

revised disposition. A copy of this court's Amended Order and Judgment is attached and will be filed this date.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

**ATTACHMENT**

**Transcript of oral argument by Appellee Twickenham's counsel on issue of attorney's fees**

[Counsel for Appellees Kennedy and Twickenham] Turning to the issue of attorney's fees, which is a little more problematic for me, I think this might be a case of not being careful of what you ask for because you might get it. Its obviously very rare that you either seek to obtain attorney's fees at all, much less in federal court. And when I asked for attorneys fees it was under two specific theories, one that as the prevailing party in the declaratory judgment action, state law should apply, and state law of Oklahoma would clearly entitle my client to attorney's fees in this case.

The second theory was kind of a two-part theory, and that is, was, this is within the court's discretionary authority under 2202 to award attorneys fees, the subpart of that was that it was basically within the court's discretion, which would have been confined to bad faith exceptions to the American rule.

I did not, uh, probably fully research this issue, because had I done that I would have seen that the prevailing party rule as to declaratory judgment actions, is, at least within the authority that I have found, only applicable to diversity cases, and this is not a diversity case. So I am here to concede that rule should not have been applied. We don't know what the judge was thinking when she granted

attorneys fees, she cited both statutes that I cited, but just made a general finding that we would get the attorneys fees we sought.

The second line that I pursued on attorneys fees under 2202, uh, is also distinguishable. I am here to do that for my opposition and for the court. It should not apply because further relief available under 2202 presupposes the existence of a declaratory judgment. Which, there was never a declaratory judgment entered in this case, for either party.

[Judge Anderson] Are you confessing here on both those grounds ?

[Counsel] Yes I am Your Honor.

[Judge Anderson] Good.

[Counsel] Which leaves me with my last argument, and that's the issue of whether or not the bad faith exception to the American rule should be invoked in this case.

[Judge Ebel] Problem is, we do not have any findings of bad faith.

[Counsel] We do not.

[Judge Ebel] Well that's a real problem, isn't it ?

[Counsel] Well, we have findings of fact in the district court on summary judgment that I would argue constitute bad faith. Specifically, and I will address these two points briefly, um, Car Transportation first sued Twickenham in 1993. They also sued Howard Stokes individually. My client had no idea who Howard

Stokes was. They had no relationship with Mr. Stokes, no dealings with Mr. Stokes.

In the next two years they would file two more lawsuits against my client. And in that time apparently no investigation was done by them to determine where this certificate came from. Predecessor counsel represented Twickenham, who I am now affiliated with, defended those two prior lawsuits on personal jurisdiction grounds.

The criminal action in which these three gentlemen, Stokes, Kennedy and Miller were convicted commenced in 1994 or 1995

[Judge Baldock] Counsel is all this in our record that we have before us ?

[Counsel] Yes it is testimony that I am referring to is in the record. My point is that I believe it is bad faith for them not to have done some further investigation to determine what was really going on here. The gentlemen who had created the certificate had all pled guilty six months before they filed the lawsuit against my client. And I wasn't made aware of that until Mr. Banbrick advised me that Mr. Stokes was in a federal penitentiary in Atlanta   we should go depose him, Mr. Stokes refused to answer any questions put to him by Mr. Banbrick, but he did mention that he had been convicted in federal court in California, and through that investigation I was able to obtain the trial transcripts.

I believe this case was brought in bad faith, there was no merit to any assertion, never a shred of evidence that Twickenham issued this policy. And I would ask that both orders be affirmed.  Thank you.

* * * *

[Excerpt from rebuttal by counsel for Appellant Henslin] . . . [c]ounsel is raising a number of points they may be very valid, but this is becoming an evidentiary hearing, and obviously that's not the function of this court. And that's clearly what's occurred here.

As to the attorney's fees issue, he's now asking this court to find bad faith on that we did so. (?)  That certainly is not in the record below, that may be appropriate for a trial court, but that's not the record before this court.

[End]

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| SHIRLEY FAYANN HENSLIN d/b/a CAR TRANSPORTATION CO., | |
| Plaintiff-Appellant, | |
| v. | No. 96-6102, 96-6285 |
| KENNEDY TRANSPORTATION SERVICES d/b/a KENNEDY & ASSOCIATES INSURANCE SERVICES, and TWICKENHAM INSURANCE CO., | (D.C. No. Civ-95-0939-M) (W.D. of Okla.) |
| Defendants-Appellees. | |

**AMENDED ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BALDOCK**, and **EBEL**, Circuit Judges.

Plaintiff-Appellant Shirley Fayann Henslin, a motor carrier, sued Kennedy

Transportation Services, an insurance broker, and Twickenham Insurance Co., for

a declaration of insurance coverage. Jurisdiction was not based on diversity, but

rather on a purported implied right of action under the Interstate Commerce Act

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

("ICA"), 49 U.S.C. § 10101 et seq., that encompassed tort claims against insurance carriers. Kennedy did not appear, and the district court entered default judgment against it in the amount of $628,651.27. After some discovery, the district court then granted summary judgment for Twickenham and dismissed the case against it.

The district court concluded that summary judgment was appropriate because there is no implied right of action under the ICA and because Henslin had not created a genuine issue as to whether Twickenham had insured Henslin or was otherwise liable for Henslin's claim. After a subsequent motion by Twickenham's counsel, the district court awarded the defendant attorney fees under Oklahoma law and, alternatively, under 28 U.S.C. § 2202, which allows attorney fees under certain circumstances in declaratory actions. Henslin now appeals the dismissal for lack of jurisdiction, the summary judgment, and the attorney fees award. The attorney fees appeal is under docket number 96-6285, whereas the summary judgment and jurisdictional appeals are under docket number 96-6102. We have jurisdiction under 28 U.S.C. § 1291.

Although we believe the district court had federal question jurisdiction over Henslin's complaint, we agree with the district court that Henslin has no right of action under the statutes she invokes, and even if such a right of action existed, she would have no claim for relief based on the undisputed facts of this case.

- 2 -

Thus, we affirm the dismissal of Henslin's complaint on the merits. However, we reverse the award of attorney's fees.

**BACKGROUND**

Henslin, who does business as Car Transportation Co., is an interstate motor carrier. Various federal laws require motor carriers to carry insurance and file certificates reflecting coverage with what was formerly the Interstate Commerce Commission ("ICC"), and has been renamed the Surface Transportation Board. Henslin attempted to purchase insurance from a broker named Steven Kennedy, who is apparently affiliated with a brokerage company named Kennedy Transportation Services or Kennedy & Associates Insurance Services. The Certificate of Insurance given to Henslin by Kennedy referenced Twickenham as the insurance carrier, although Twickenham never issued insurance for Henslin and had never issued or authorized a certificate of insurance for Henslin.

Henslin filed unspecified claims with Twickenham, and Twickenham denied coverage on the grounds that it had never sold insurance to Henslin. Henslin then sued Twickenham and Kennedy in two other jurisdictions, but those claims were apparently dismissed for a lack of personal jurisdiction over

Twickenham, although at least one of the claims may have been dismissed on the merits.[1]

Henslin then commenced this action in the Western District of Oklahoma, seeking a declaration of insurance coverage. Henslin claimed that the ICA, which requires motor carriers to carry insurance, 49 U.S.C. § 10921, creates an implied right of action against insurance companies that deny coverage, and that this right of action encompasses tort-like remedies in situations where the insurance company has not actually issued an insurance policy, but is named on a Certificate of Insurance, even if the certificate is fraudulent or unauthorized. In addition, Henslin sued Twickenham under Oklahoma tort law, arguing that Twickenham injured Henslin by failing to honor the policy purchased from Kennedy.

On summary judgment, the court noted that it was undisputed that: (1) Twickenham never issued a policy of insurance to Henslin, and Henslin never paid premiums; (2) there is no evidence that Twickenham ever committed an intentional or negligent act regarding Henslin; (3) the certificate at issue was created as part of a fraudulent enterprise involving Steven Kennedy, Howard

---

[1]Henslin claims in its attorney fees brief that the two actions were dismissed for lack of jurisdiction, but the district court order on the merits quotes the unpublished Arkansas federal district court opinion, which seems to be a merits-based opinion regarding the lack of an implied right of action under the relevant statutes. This dispute is not at issue, however, because Twickenham has not claimed that the prior judgments are res judicata.

Stokes and Richard Miller, in which Twickenham was not involved; (4) the certificate was rejected by the ICC within five days of its filing; and (5) that any injury to Henslin was caused by the intervening acts of third persons, and thus Twickenham could not be held liable in tort.

Henslin now appeals. In addition to her claim under the ICA, Henslin now argues for the first time that the McCarran-Ferguson Act and the Declaratory Judgment Act confer jurisdiction over her claims against Twickenham. Additionally, she maintains that she has created a genuine issue of material fact, because she included an affidavit and a copy of the certificate in the record. Finally, she appeals the attorney fees award.

## DISCUSSION

### Standard of Review

We review de novo the district court's dismissal of Henslin's complaint for lack of jurisdiction. Urban v. Jefferson County Sch. Dist., 89 F.3d 720, 724 (10th Cir. 1996). We also review de novo the district court's grant of summary judgment on the merits. Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). We review an attorney fees award for abuse of discretion. Aguinaga v. United Food and Commercial Workers Int'l Union, 993 F.2d 1480, 1481 (10th Cir. 1993). However, the legal basis for such an award is reviewed de novo. Id.

### I.

## Henslin's Failure to State a Claim

Henslin asserts that the Interstate Commerce Act created an implied right of action that allows insured motor carriers to sue their insurers when they deny coverage. This is a federal question, and thus the district court had jurisdiction under 28 U.S.C. § 1331. See Cardtoons, L.C. v. Major League Baseball Players Ass'n, 95 F.3d 959, 964 (10th Cir. 1996). However, dismissal of a complaint that alleges a federal claim is justified only if the claim is "'so attenuated and unsubstantial as to be absolutely devoid of merit' or 'frivolous.'" Id. (quoting Baker v. Carr, 369 U.S. 186, 199 (1962)). Although Henslin's claim is without merit, we believe it does assert a claim grounded in a federal question under the ICA. Accordingly, we believe the district court erred in dismissing the claim for lack of jurisdiction.

Nonetheless, the district court properly dismissed the claim because there is no implied right of action under the ICA in this situation. That statute requires motor carriers to have cargo and liability insurance in order to operate as a common carrier, and to file a certificate reflecting coverage with the ICC. 49 U.S.C. § 10921. The statute does not say anything about coverage disputes between carriers and insurance companies. Id.

Henslin seems to believe it is obvious that this statute creates a right of action in its favor, and thus has not bothered to cite any case law on implied

rights of action.  However: (1) the statute does not indicate Congressional intent to create a right of action; (2) Henslin has not pointed to anything in the legislative history reflecting a desire to create a right of action; (3) it would not frustrate the purposes of the statute to not imply a cause of action; and (4) state law remedies are entirely adequate.  Thus, there is no implied right of action.  See Transamerica Mortgage Advisors, Inc. v. Lewis, 444 U.S. 11, 15-16 (1979); Touche Ross & Co. v. Redington, 442 U.S. 560, 575-76 (1979).

Henslin did not raise below her claims regarding the McCarran-Ferguson Act and the Declaratory Judgment Act, both of which she now contends confer jurisdiction over her claims.  Thus, those claims have been waived. See In re Walker, 959 F.2d 894, 896 (10th Cir. 1992).  In any event, neither statute creates a right of action in this situation.  The McCarran-Ferguson Act, 15 U.S.C. § 1012(b), merely provides that a federal law will not preempt a state law enacted "for the purpose of regulating the business of insurance," unless the federal statute "specifically relates to the business of insurance."  The ICA does not deal with relations between carriers and their insurance companies, and thus there is no preemption issue in this case.  Accordingly, the McCarran-Ferguson Act does not help Henslin.  Barnett Bank v. Nelson, 116 S. Ct. 1103, 1106 (1996), the case on which Henslin relies, also is not instructive here, because it deals only with the question of when a federal statute "specifically relates to the business of

insurance" within the meaning of the statute. Even though the ICA may relate to the business of insurance to the extent it requires carriers to obtain insurance, it does not conflict with any state laws dealing with insurance coverage claims, and thus does not preempt any state law claims Henslin may have against Twickenham. Moreover, even assuming the ICA does have some preemptive effect, as discussed above, Henslin has provided no indication why the statute would create an implied right of action that would encompass her claims.

Finally, Henslin claims that the Declaratory Judgment Act, 28 U.S.C. § 2201, provides a cause of action. That statute "does not confer jurisdiction on the federal courts . . . ." Cardtoons, 95 F.3d at 964. Rather, a declaratory judgment plaintiff only obtains jurisdiction "if the potential suit by the declaratory judgment defendant would arise under federal law." Id. There is no "potential suit" by Twickenham and, in any event, Henslin has not shown that such an action would be within either the diversity or federal question jurisdiction of the federal courts. Accordingly, the Declaratory Judgment Act does not provide a cause of action for Henslin's claims.

Thus, the district court properly dismissed Henslin's complaint for failure to state a claim.

## II.

## No Genuine Issue of Material Fact

The district court alternately concluded that, even if a proper claim were stated, Henslin has not shown a genuine issue of material fact sufficient to survive summary judgment. We agree. It is undisputed that Henslin never paid premiums on an insurance policy issued by Twickenham, and never in fact was covered by such a policy. Further, Henslin has not disputed Twickenham's evidence that the certificate identifying Twickenham as Henslin's insurer was produced as part of a fraudulent scheme orchestrated by Kennedy, Miller and Stokes, in which Twickenham took no part. Finally, Henslin has not suggested how the intervening acts of those people would not defeat any claim against Twickenham, even if Twickenham had acted in some way with regard to Henslin.

Henslin points to the certificate itself, which the ICC undisputedly rejected within five days of receipt, and Stokes's pleading the Fifth Amendment at his deposition, in support of its contention that summary judgment was improper. Henslin has not shown how this evidence is material or relates in any way to its claim. Thus, the district court properly granted summary judgment in favor of Twickenham.

## III.

Finally, Henslin appeals the district court's award of attorney fees in favor of Twickenham. The district court awarded attorney fees on two alternative theories: (1) an Oklahoma statute allowing for attorney fees, 36 Okla. Stat. §

3629(B); and (2) a federal statute allowing "necessary or proper relief" against the losing party in a declaratory proceeding, 28 U.S.C. § 2202.

At oral argument Appellee waived these theories as possible grounds for an award of attorneys fees in this case. Instead, Appellee limited its argument to a claim that an award of attorney's fees may be predicated upon the bad faith exception to the American rule, as set forth by the Supreme Court in <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240 (1975). We reject this argument because the district court made no finding of bad faith on the part of Appellant, and we are not prepared to make such a finding in the first instance.

## CONCLUSION

For the foregoing reasons, the order dismissing Henslin's complaint, which is appeal number 96-6102, is AFFIRMED. The order awarding attorney fees in favor of Twickenham, which is appeal number 96-6285, is REVERSED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge